**NEW AMSTERDAM CASUALTY COMPANY, a New York corporation, Appellant,**

v.

**UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Appellee.**

**No. 19716.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1965.

Curtis W. Cutsforth, King, Miller, Anderson, Nash & Yerke, Portland, Or., for appellant.

Wayne A. Williamson, James F. Spiekerman, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM:

Before us is an appeal from a money judgment in a diversity action entered by the District Court in favor of appellee, hereinafter designated "Pacific", and against appellant, hereinafter designated "New Amsterdam". Each party is an insurance company and engaged in the business of issuing public liability insurance.

It appears that one Emmert was the owner and operator of an automotive "log bunk or tractor" (self-propelled) and a "log trailer" (not self-propelled), which vehicles when conventionally and properly hitched together were used as integrated vehicles in tandem for the purpose of transporting one or several sawlogs. New Amsterdam was the insurer of Emmert's vehicle under a conventional policy of public liability insurance. One, White, was engaged in a business allied with the automotive servicing field and was the owner of and used in his business a conventional automotive wrecker vehicle which was equipped with a self-powered winch, cable and boom. Pacific was the insurer of White's wrecker vehicle under a conventional policy of public liability insurance.

While both of said insurance policies were in full force and effect, and while Emmert was operating the log truck and trailer upon the highway, the vehicles lost their load of logs, whereupon a call

for White's wrecker was made for the purpose of lifting the sawlogs from the ground to the Emmert vehicles thereby reloading the vehicles with the cargo of logs. While the Emmert vehicles were parked alongside the highway an attempt was made through the hoisting or lifting features of the winch, cable and boom of the White vehicle to accomplish the loading mission, and in the course of that operation the White vehicle was overturned and the hoisting boom struck and injured Emmert. Thereafter Emmert brought an action against White in the Circuit Court of the State of Oregon seeking recovery for bodily injuries resulting from the alleged negligence on the part of White in the supply and operation of the White vehicle. While said action was pending in the state court, Pacific brought an action in the United States District Court against New Amsterdam in the form of a declaratory judgment action seeking a judicial declaration that White was entitled to status as an insured under the insurance policy issued by New Amsterdam to Emmert, and seeking to require New Amsterdam to defend White in the state court action and to provide primary liability coverage for White, rather than Pacific under its policy issued to White or, in the alternative, that by reason of other insurance provisions the liability of White, if any, to Emmert should be shared between New Amsterdam and Pacific on a prorata basis in proportion to their respective policy limits.

The trial court initially heard and determined only the segregated question of whether White was an insured under the New Amsterdam policy. Following hearing, the issue was resolved in Pacific's favor. In connection therewith the District Court filed, on March 27, 1964, its Memorandum Decision, and thereafter the Court made and entered findings of fact and conclusions of law, but entry of final judgment was reserved. Before final judgment was entered, however, Pacific proceeded to settle the state court action.

Pacific settled the state court action for $17,500.00. Additionally, Pacific expended $1,025.00 for attorney's fees, $186.05 for court costs, travelling expenses, photocopies and depositions; $22.50 for photographs and $415.50 for investigation. New Amsterdam expended $192.72 for investigation which was utilized by counsel for Pacific in White's defense.

Thereupon a supplemental complaint was filed by Pacific transforming the action from one for declaratory judgment into one for money recovery. Following the hearing upon the issues raised by the supplemental complaint and the answer thereto, the District Court made and entered findings of fact and conclusions of law on the issues raised by the supplemental complaint.

The District Court held that:

1. New Amsterdam's policy provided coverage for White;

2. Pacific's policy likewise provided coverage for White; and

3. Pacific and New Amsterdam should bear the settlement and defense costs on a prorata basis in proportion to their respective policy limits [$100,000 for Pacific, $25,000 for New Amsterdam].

In accordance with the findings of fact and conclusions of law, the District Court entered judgment for Pacific and against New Amsterdam in the sum of $3,829.81 (one-fifth of the total amount paid by appellee in defense of the action), less $154.18 (four-fifths of the amount incurred by New Amsterdam) or a total of $3,675.63.

On this appeal New Amsterdam specifies that the District Court erred:

1) In holding that White was entitled to coverage under New Amsterdam's policy issued to Emmert; and

2) In finding and holding that New Amsterdam had a duty to assume the defense of the state court action or to reimburse Pacific for any part of the money paid by Pacific in settlement of said action or the expenses incurred in defending the same, in that no proper ten-

der of the defense of Emmert's claim or action against White was ever made to it.

We have carefully examined the record in this case, including the pre-trial order, depositions, statements, the other exhibits, and oral testimony, and have concluded that the judgment appealed from should in all respects be affirmed. We do so upon the authorities and for the reasons stated and contained in the Memorandum Decision of the District Court filed March 27, 1964, and reported in 243 F.Supp. 313, and on the findings of fact and conclusions of law made and entered by the District Court on the issues tendered by the supplemental complaint which we find to be fully supported by the evidence and applicable law.

Affirmed.